**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ANGIE BUGNO,**

    **Plaintiff,**

    vs.

**PRESTIGE FINANCIAL SERVICES, INC.**

    **Defendant.**[1]

Case No. 2:19-cv-1584

Judge Sarah D. Morrison

Chief Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

This matter is before the Court for issuance of a Report and Recommendation on the Motion to Remand (ECF No. 15) filed by Plaintiff Angie Bugno ("Ms. Bugno"), the response (ECF No. 18) filed by Prestige Financial Services, Inc. ("Prestige"), and Ms. Bugno's reply memorandum (ECF No. 19). For the reasons that follow, it is **RECOMMENDED** that Ms. Bugno's Motion to Remand be **GRANTED** and that this action be **REMANDED** to the Court of Common Pleas for Franklin County.

**I.**

On December 27, 2017, Prestige filed a complaint against Ms. Bugno in Franklin County Municipal Court ("Municipal Court") captioned *Prestige Financial Services, Inc.*, Case No. 2017 CVF 044552, seeking to collect on an alleged deficiency balance remaining on an installment

---

[1] For purposes of consistency only, the undersigned uses the designations of the parties as they appear on this Court's docket. These designations have no impact on the substantive legal issues addressed herein.

contract for the purchase of an automobile. (ECF No. 1 at 1; ECF No. 15-1 (copy of Prestige's Complaint).) Ms. Bugno filed an answer and counterclaim (ECF No. 15-2 at PAGEID ## 255–61), to which Prestige responded (*id*. at PAGEID # 239–44). The parties engaged in written discovery. (*Id*. at PAGEID ## 219, 245.)

On February 28, 2019, Ms. Bugno served on Prestige a motion for leave to file an amended answer and class-action counterclaim and a motion to transfer to the Court of Common Pleas for Franklin County ("Franklin County Common Pleas Court"). (*Id*. at PAGEID ## 192, 209; ECF No. 1 at 1–2).

On March 7, 2019, Prestige filed a notice of dismissal without prejudice. (ECF No. 15-2 at PAGEID ## 226–27.)

On March 25, 2019, Ms. Bugno's motion for leave to file an amended answer and class-action counterclaim and a motion to transfer to the Franklin County Common Pleas Court was filed in the Municipal Court. (*Id*. at PAGEID ## 190–216.) On March 26, 2019, the Municipal Court filed two entries granting Ms. Bugno's motion to amend and to transfer and directed the Municipal Court Clerk to transfer the action to the Franklin County Common Pleas Court. (ECF No. 15-2 at PAGEID ## 183, 189.) On April 5, 2019, the Municipal Court transferred the action to the Franklin County Common Pleas Court. (*Id*. at PAGEID # 278.)

On April 24, 2019, Prestige filed its notice of removal in this Court and in Municipal Court, removing the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441. (ECF No. 1; ECF No. 15-3.)

On April 29, 2019, the Franklin County Common Pleas Court opened a file for the case transferred from Municipal Court. (ECF No. 15-4.)

On May 21, 2019, this Court conducted a preliminary pretrial conference pursuant to the provisions of Federal Rule of Civil Procedure 16(b) and issued a scheduling Order. (ECF No. 9.) On June 14, 2019, Prestige moved to dismiss Ms. Bugno's claims. (ECF No. 11.) Thereafter, Ms. Bugno filed a Motion to Remand. (ECF No. 15.) Upon Ms. Bugno's motion and for good cause shown and in consultation with the presiding District Judge, the Court stayed discovery and briefing on Prestige's Motion to Dismiss pending resolution of the Motion to Remand. (ECF No. 17.) Prestige has filed a response in opposition to the Motion to Remand (ECF No. 18) and Ms. Bugno has filed a reply memorandum (ECF No. 19). This matter is ripe for resolution.

**II.**

Generally, "[t]he defendant or the defendants" may remove a civil action from state court to the federal district court "for the district and division embracing the place where such action is pending" if the action could have been brought there originally. 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1446(a) (explaining the general process that "[a] defendant or defendants" wishing to remove an action must follow). "The term 'defendant' in removal statutes is narrowly construed." *In re Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 849, 853 (6th Cir. 2012) (citations omitted); *see also First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 462–63 (6th Cir. 2002) ("[T]he phrase "the defendant or the defendants," as used in § 1441(a), [must] be interpreted narrowly, to refer to defendants in the traditional sense of parties against whom the plaintiff asserts claims.") (citations omitted).

"Considering the phrase 'the defendant or the defendants' in light of the structure of the statute and our precedent, [the United States Supreme Court has] conclude[d] that § 1441(a) does not permit removal by any counterclaim defendant, including parties brought into the lawsuit for the first time by the counterclaim." *Home Depot U. S. A., Inc. v. Jackson*, 139 S.Ct. 1743, 1748

3

(2019); *see also In re Mortg. Elec. Registration Sys., Inc*., 680 F.3d at 853 ("[A] counterclaim or third-party defendant is not a 'defendant' who may remove the action to federal court.") (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104–08 (1941) (interpreting an earlier version of the removal statute); *First Nat'l Bank*, 301 F.3d at 461–62 ("Counterclaims, cross-claims, and third-party claims cannot be the basis for removal under § 1441(a).") (internal quotation marks and citations omitted))); *Sesi v. Perrault*, No. 16-cv-12680, 2016 WL 9403992, at *1 (E.D. Mich. Aug. 10, 2016) ("[Plaintiff, Counterclaim-Defendant] Sesi seems to think that because Perrault filed a counterclaim against him, he is now a 'defendant' for purposes of the removal statute. He is wrong."). As the United States Supreme Court explains, "because the 'civil action . . . of which the district cour[t]' must have 'original jurisdiction' is the action as defined by the plaintiff's complaint, 'the defendant' to that action is the defendant to that complaint, not a party named in a counterclaim." *Home Depot U.S.A., Inc.* 139 S.Ct. at 1748 (citations omitted).

In addition, "the determination of federal jurisdiction in a diversity case is made as of the time of removal" and, therefore, "in reviewing the denial of a motion to remand, a court looks to whether the action was properly removed in the first place." *Rogers v. Wal-Mart Stores, Inc*., 230 F.3d 868, 871–72 (6th Cir. 2000) (internal quotation marks and citations omitted). "The party seeking removal bears the burden of establishing its right thereto." *Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) (citations omitted); *see also Desai v. CareSource, Inc.,* No. 3:18-cv-118, 2019 WL 1109568, at *2 (S.D. Ohio Mar. 11, 2019) (same); *Brown v. CoreCivic, Inc*., No. 4:18-cv-2044, 2018 WL 5883991, at *2 (N.D. Ohio Nov. 9, 2018) ("That burden [of proving that all the requirements of removal have been met] attaches to any issue of federal jurisdiction, as well as any issue of

procedure regarding removal."). Finally, "all doubts should be resolved against removal." *Mays v. City of Flint, Mich.*, 871 F.3d 437, 442 (6th Cir. 2017) (internal quotation marks and citations omitted); *see also Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) ("All doubts as to the propriety of removal are resolved in favor of remand.").

**III.**

Ms. Bugno contends that this action should be remanded because Prestige, a state-court plaintiff, improperly removed it, depriving this Court of subject matter jurisdiction. (ECF Nos. 15, 19.) According to Ms. Bugno, only state-court defendants may remove an action and Prestige's dismissal of its claims prior to removal does not trigger or effect realignment of the parties. (*Id*.) Prestige disagrees, contending that the dismissal of its claims effectively nullified its state-court complaint and resulted in realignment of the parties "given that Prestige was no longer a 'plaintiff' as a result of its complaint being nullified, the only remaining designation Prestige could be is, for present purposes, a 'defendant' to Bugno's original counterclaim (and then class action lawsuit)." (ECF No. 18 at 7; *id.* at 4–14.) Prestige goes on to argue that even if it is "not a defendant in the traditional sense of the word for removal purposes, the Court should still find that Prestige is a 'functional defendant' for removal purposes" because the only operative pleading is Ms. Bugno's claim seeking class relief. (*Id*. at 15–16.)

Prestige's arguments are not well taken. As set forth above, and as Prestige acknowledges (ECF No. 18 at 10), only a state-court defendant or defendants may remove an action. 28 U.S.C. §§ 1441(a), 1446(a). While Prestige contends that "the only remaining designation Prestige could be is" "defendant" because its complaint in Municipal Court was a nullity once dismissed (ECF No. 18 at 7), it cites to no case authority that parties are automatically realigned—without a motion, without court order, without any action—after

5

voluntary dismissal of a complaint while a counterclaim remains pending. (*See id*. at 4–7 (citing *State ex rel. Fifth Third Mortg. Co. v. Russo*, 129 Ohio St. 3d 250, 253 (2011) (stating, *inter alia*, in an action where no counterclaim was filed that "[a]fter its voluntary dismissal, an action is treated as if it had never been commenced" and that the voluntary dismissal is "self-executing") (internal quotation marks and citations omitted); *State ex rel. Hunt v. Thompson*, 63 Ohio St. 3d 182, 183 (1992) (per curiam) (stating, in an action that did not involve a counterclaim, that "[u]nder Civ. R. 41(A)(1)(a), therefore, a plaintiff may dismiss his complaint. . [and] [i]f a plaintiff does so, the court, consequently, loses jurisdiction over the case"); *Zimmie v. Zimmie*, 11 Ohio St. 3d 94, 95 (1984) (finding no error in a lower state court's reinstatement of a counterclaim that the defendant voluntarily dismissed where the plaintiff did not object and affirming granting of summary judgment in the defendant's favor); *Patriot Outdoors, L.L.C. v. Strata Petroleum, Inc*., No. 12 MO 9, 2013-Ohio-2287, ¶¶ 15, 20, 2013 WL 2444211 (Ohio Ct. App. May 28, 2013) (recognizing that "[a] dismissal without prejudice leaves the parties as if no action had been brought with respect to the parties dismissed" and that while "a voluntary dismissal of one defendant does not nullify the claims against another defendant[,] . . . such dismissal does nullify the claims brought against the defendant named in the voluntary dismissal" and reviving claims voluntarily dismissed without prejudice where "those voluntary dismissals of chosen claims are ineffective")).) Prestige, which as the moving party bears the burden of proving that it has met all the requirements of removal, therefore has not established through these cited cases that it was a defendant within the meaning of 28 U.S.C. § 1441 at the time it removed the action to this Court. *See id*.; *cf. Home Depot U. S. A., Inc.*, 139 S.Ct. at 1748 (stating that "§ 1441(a) does not permit removal by any counterclaim defendant"); *Mays*, 871 F.3d at 442 ("[A]ll doubts should be resolved against removal.") (internal quotation marks and

citations omitted); *Her Majesty The Queen*, 874 F.2d at 339 ("The party seeking removal bears the burden of establishing its right thereto").

Because Prestige cites to no authority that dismissal of a complaint while a counterclaim remains pending automatically transforms a plaintiff and counterclaim defendant into a "defendant" for removal purposes, Prestige has not persuaded this Court that Ms. Bugno's cited cases are distinguishable on the basis that there was no dismissal of the complaint prior to removal in those cases. (ECF No. 15 at 4–6 (citing *Shamrock Oil & Gas Corp.*, 313 U.S. at 104–09 (holding that a counterclaim defendant who was also the original plaintiff could not remove an action under an earlier removal statute); *Home Depot U.S.A., Inc.*, 139 S.Ct. at 1748 (concluding, *inter alia*, that "§ 1441(a) does not permit removal by any counterclaim defendant, including parties brought into the lawsuit for the first time by the counterclaim" and that "because the 'civil action . . . of which the district cour[t]' must have 'original jurisdiction' is the action as defined by the plaintiff's complaint, 'the defendant' to that action is the defendant to that complaint, not a party named in a counterclaim") (citations omitted); *Young v. CACH, LLC*, No. 4:12CV0399, 2013 WL 999237, at *5 (N.D. Ohio Mar. 13, 2013) (distinguishing *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 723 F. Supp. 2d 1020 (N.D. Ohio 2010) and remanding action where, *inter alia*, the removing parties (counterclaim defendants) "made it clear that they moved for realignment in order to facilitate the removal of the counterclaim to federal court"); *Caszatt v. Asset Acceptance LLC*, No. 1:12-cv-2423, Order of Remand, ECF No. 7 (N.D. Ohio Nov. 29, 2012) (remanding action where, *inter alia*, the plaintiff/counterclaim defendant "made it clear that it moved for realignment [in state court] in order to remove the case to federal court" and stating that "[t]he court should not permit a party to engage in such blatant acts of forum shopping" as "[f]orum shopping frustrates the notion of federalism and stifles judicial economy")

(citations omitted); *Mowery Youell & Galeano, Ltd. v. Stewart*, No. 2:18-cv-503-GCS-CMV, Opinion and Order, ECF No. 26 at 3, 5 (S.D. Ohio Jan. 8, 2019) (recognizing that "a federal claim does not create original jurisdiction 'arising under' federal law in a case where the plaintiff's original complaint contained no federal claim) (citations omitted); *Miami Valley Hosp. v. Berning*, No. 3:15-cv-202, 2015 WL 6159485, at *6 (S.D. Ohio Oct. 20, 2015) (remanding action removed by a plaintiff/counterclaim defendant and citing *Shamrock Oil*, which determined that the removal statute at that time permitted removal only "by the defendant or defendants[,]" and finding that "[t]he term 'defendant or defendants' [in the removal statute] was not altered by the subsequent revision and recodification of Title 28 in 1948"); *Montu Hotep Tum-Re El v. Bruce Van Saun*, No. 3:15-cv-1248, ECF No. 12 (N.D. Ohio § . 1, 2015) (finding no subject matter jurisdiction and remanding action where a state court order had required a state court plaintiff to remove the case to federal court); ECF No. 18 at 10, 12–15 (arguing that Ms. Bugno's cited cases are distinguishable from the instant action).)

Prestige goes on to rely heavily on *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 723 F. Supp. 2d 1020 (N.D. Ohio 2010), *aff'd*, 719 F.3d 564 (6th Cir. 2013). In *Hrivnak*, the court concluded that "*a state court order* realigning a particular party as a plaintiff or a particular party as a defendant can create removal jurisdiction where none previously existed, subject to the caveat that a federal court must exercise its own judgment to ensure that opposing parties are on opposite sides of a dispute[.]" *Id*. at 1028 (emphasis added) (citations omitted) (denying motion to remand). The posture in *Hrivnak*, however, is inapposite to this action. In this case, Prestige never requested, and a state court never ordered, realignment of the parties prior to removal to this Court. Instead, Prestige removed the case on April 24, 2019, before the Franklin County Common Pleas Court opened a file for the case on April 29, 2019. (ECF Nos. 1, 15-3, 15-4.) As

Prestige acknowledges (ECF No. 18 at 8, 11), and *Hrivnak* observes, the district court determines jurisdiction at the time of removal. *Hrivnak*, 723 F. Supp 2d at 1028 ("[J]urisdiction is to be measured by a federal court at the time of removal."); *see also Rogers*, 230 F.3d at 871 ("[T]he determination of federal jurisdiction in a diversity case is made at the time of removal."). For the reasons discussed above, Prestige was therefore not a "defendant" within the meaning of 28 U.S.C. § 1441 at the time of removal. Accordingly, *Hrivnak* does not compel a finding that Prestige, a counterclaim defendant, properly removed this case. *See Home Depot U. S. A., Inc.*, 139 S.Ct. at 1748 (2019) ("§ 1441(a) does not permit removal by any counterclaim defendant"); *In re Mortg. Elec. Registration Sys., Inc.*, 680 F.3d at 853 ("[A] counterclaim or third-party defendant is not a 'defendant' who may remove the action to federal court.").

Finally, Prestige argues that "to the extent that this Court finds that Prestige was not a defendant in the traditional sense of the word for removal purposes, then the Court should still find that Prestige is a 'functional defendant' for removal purposes." (ECF No. 18 at 15–16 (citing *Chancellor's Learning Sys., Inc. v. McCutchen*, No. 1:07 CV 1623, 2008 WL 269535 (N.D. Ohio Jan. 29, 2008).) In *Chancellor's Learning*, the court noted "a very limited set of circumstances wherein a party that is listed as a plaintiff may, in fact, be a functional defendant for purposes of the removal statute." *Chancellor's Learning*, 2008 WL 269535, at *2 (citing *Mason City & Fort Dodge Railroad Co. v. Boyton*, 204 U.S. 570 (1907)). The *Chancellor's Learning* court explained that the United States Supreme Court in *Mason City* addressed "a state statute governing the railroad's acquisition of land from reluctant landowners assigned party designations that did not correctly reflect the party actually seeking relief" and that the *Mason City* ruling "merely sought to prevent individual states from altering the federal removal rule by transposing the traditional plaintiff and defendant designations." *Id*. at *2

9

(explaining further that "all *Mason* holds is that when a complaint is filed, it is the party seeking relief who is treated as the plaintiff regardless of the party designation assigned by the state"). The *Chancellor's Learning* court went on to explain that the court in *Allstate Ins. Co. v. Blankenship*, No. 7:05-194, 2005 WL 2095679 (E.D. Ky. Aug. 30, 2005) later "more fully set forth" a test to determine if a plaintiff could be a "functional defendant." *Id*. at *3. According to *Chancellor's Learning* court, *Allstate Ins. Co. v. Blankenship* "recognized a limited exception to this general rule that some courts have applied called a 'functional test' to determine if removal should be permitted. Under the functional test, a federal court may realign the parties if the counterclaim is the 'mainspring' of the action." *Id*. The *Chancellor's Learning* court concluded, however, that the facts presented before it did not justify realignment of the parties under the functional test:

> Chancellors brought a breach of contract action in state court against Ms. McCutchen. Ms. McCutchen answered and filed a counterclaim asserting a claim under a federal statute. Thereafter, plaintiff Chancellors makes a strategic decision to dismiss its complaint without prejudice and remove the action to federal court on the same day. Chancellors' breach of contract action was not a limited or ancillary action. Moreover, Ms. McCutchen's counterclaim arises out of the same facts and circumstances as Chancellors' claim. Chancellors' claim has not been adjudicated and by dismissing without prejudice, Chancellors may intend to re-assert the claim as a counterclaim in federal court if removal is permitted. Even if it does not re-file its claim as a counterclaim, it clearly intends to use it as a setoff to Ms. McCutchen's claims. Accordingly, the Court finds that Chancellors is not a functional defendant and will not re-align the parties to enable Chancellors to forum shop. As Chancellors is not a defendant it may not remove the action based on Ms. McCutchen's counterclaim.

*Id*.

Here, Prestige contends that because, unlike in *Chancellor's Learning*, it dismissed its action prior to Ms. Bugno being granted leave to file her amended answer and amended class action claims and prior to the case being transferred from Municipal Court and the Franklin Court of Common Pleas opening a case, Prestige should be deemed a functional defendant

10

"given that subsequent to the dismissal of its complaint, and upon the transfer of the lawsuit to the Court of Common Pleas, the only operative pleading was Plaintiff's claim seeking class relief." (ECF No. 18 at 16.)

Prestige's arguments are not well taken. While Prestige dismissed its complaint on March 7, 2019, before the Municipal Court granted Ms. Bugno leave to amend and file her class action claims, leaving the class action counterclaim as the remaining claim at the time of removal, Ms. Bugno had already served Prestige with a copy of her motion for leave to file a class-action counterclaim on February 28, 2019, a fact that Prestige acknowledges. (*See* ECF No. 15-2 at PAGEID ## 192, 209; ECF No. 1 at 1–2.) Accordingly, as in *Chancellor's Learning*, Prestige, the state court plaintiff and counterclaim defendant, knew at the time it dismissed its complaint that Ms. Bugno sought to amend her counterclaim to assert class claims. Based on this record and relying on *Chancellor's Learning*, Prestige made the "strategic decision to dismiss its complaint without prejudice and remove the action" to this Court shortly after being served with Ms. Bugno's motion to amend. *Chancellor's Learning*, 2008 WL 269535, at *3; ECF No. 15-2 at PAGEID ## 192, 209, 226–27; ECF No. 1 at 1–2. As in *Chancellor's Learning*, Prestige's dismissal without prejudice therefore means Prestige's claim "has not been adjudicated and by dismissing without prejudice, [Prestige] may intend to re-assert the claim as a counterclaim in federal court if removal is permitted." *Chancellor's Learning*, 2008 WL 269535, at *3. Based on this record and on the authority cited by Prestige, realigning the parties and permitting Prestige to remove this action results in, or risks, permitting Prestige to forum

shop. *Id*. For these reasons, the undersigned is not persuaded that the Court should treat Prestige as a functional defendant and realign the parties, thereby permitting removal.²

## IV.

For the reasons explained above, the Court lacks subject matter jurisdiction over this action, which was improperly removed. It is therefore **RECOMMENDED** that Ms. Bugno's Motion to Remand (ECF No. 15) be **GRANTED** and that this action be **REMANDED** to the Court of Common Pleas for Franklin County.³

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and

---

² In addition, construing Prestige as a functional defendant and permitting realignment of the parties based on the present record in this case may conflict with more recent binding authority from the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit discussed earlier in this decision. *See Home Depot U. S. A., Inc.*, 139 S.Ct. at 1748 ("Considering the phrase 'the defendant or the defendants' in light of the structure of the statute and our precedent, [the United States Supreme Court has] conclude[d] that § 1441(a) does not permit removal by any counterclaim defendant, including parties brought into the lawsuit for the first time by the counterclaim."); *In re Mortg. Elec. Registration Sys., Inc.*, 680 F.3d at 853 ("[A] counterclaim or third-party defendant is not a 'defendant' who may remove the action to federal court.") (citations omitted).
³ If this case is ultimately remanded, this Court need not, and should not, consider Prestige's Motion to Dismiss (ECF No. 11).

waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

|  |  |
|---|---|
| **DATED: December 16, 2019** | */s/ Elizabeth A. Preston Deavers*<br>**ELIZABETH A. PRESTON DEAVERS**<br>**CHIEF UNITED STATES MAGISTRATE JUDGE** |